U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAY 1 0 2019

TONY R. MOORE, CLERK
BY: _____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ERIC R. CERWONKA | CASE NO. 17-CV-635 |
| -vs- | JUDGE DRELL |
| PETER C. DANCY, JR. | MAG. JUDGE PEREZ-MONTES |

## <u>MEMORANDUM RULING</u>

Before the Court is a Rule 12(b)(1) motion to dismiss (Doc. 25) filed by the United States of America ("the government"), an opposition (Doc. 31) filed by Plaintiff Eric R. Cerwonka, a reply (Doc. 32) filed by the government, a report and recommendation (Doc. 47), a motion to substitute party (Doc. 50) filed by the government, a certification of course and scope of employment (Doc. 51) filed by the government, an objection to the report and recommendation (Doc. 52) filed by the government, an opposition to the motion to substitute (Doc. 55) filed by Cerwonka, a response to the government's objection (Doc. 56) filed by Cerwonka, and a reply to Cerwonka's opposition (Doc. 57) filed by the government. For the following reasons, the Court must **DECLINE TO ADOPT** the report and recommendation. Additionally, the motion to substitute the government as party defendant will be **GRANTED**, the motion to dismiss will be **GRANTED**, any pending motions will be **DENIED AS MOOT**, and this matter will be **DISMISSED WITHOUT PREJUDICE**.

# I.    FACTS & PROCEDURAL HISTORY

Cerwonka, a clinical psychologist, was employed by the Department of Veterans Affairs ("VA") for approximately fourteen years.[1] He alleges that Peter C. Dancy, Jr., the Medical Center Director for the Alexandria VA Health Care System, engaged in a scheme to discredit him professionally and terminate his employment at the VA.[2] Cerwonka's employment with the VA was allegedly terminated on April 1, 2017, as a result of an investigation by an Administrative Investigation Board empaneled by Dancy.[3]

Cerwonka filed suit against Dancy in the 15th Judicial District Court, Parish of Lafayette, State of Louisiana, on April 10, 2017.[4] There he sought monetary damages for: (1) damage to his reputation as a licensed clinical psychologist and VA employee; (2) illegal use of confidential patient records and information; and (3) libel.[5] The government, which was not named as a defendant in the petition, removed the case to this Court on May 12, 2017, pursuant to Title 28 U.S.C. § 1346(b) and Title 28 U.S.C. §§ 1442, *et seq.*[6]

The government filed a 12(b)(1) motion to dismiss on August 7, 2018, arguing that the Court lacks subject-matter jurisdiction over any of Cerwonka's claims.[7] On February 26, 2019, the magistrate judge issued a report and recommendation concluding that we indeed lack subject-matter jurisdiction over Cerwonka's claims under the derivative-jurisdiction doctrine and recommending that the government's motion to dismiss be granted and the case remanded.[8] On March 19, 2019, the government filed a motion to substitute itself in place of Dancy as the

---

[1] Pet. (Doc. 1-1) at 2.
[2] Id. at 2-6. The report and recommendation (Doc. 47) contains a more detailed summary.
[3] Id.
[4] Id.
[5] Id. at 4-5.
[6] Notice of Removal (Doc. 1).
[7] Mot. to Dismiss (Doc. 25).
[8] Report and Recommendation (Doc. 47).

defendant in this matter,[9] as well as certification that Dancy was acting within the course and scope of employment at all times relevant to this suit.[10] Cerwonka opposes the motion to substitute[11] and argues that the matter should be remanded.[12]

## II.      LAW & ANALYSIS

### 1.   12(B)(1) MOTION TO DISMISS

Pursuant to FED. R. CIV. P. 12(b)(1), a party may obtain dismissal of a claim for lack of subject-matter jurisdiction. In deciding a 12(b)(1) motion, the court may consider evidence outside of the pleadings and the attachments thereto. Ambraco, Inc. v. Bossclip B.V., 570 F.3d 233, 238 (5th Cir. 2009). More specifically, "under Rule 12(b)(1), the court may find a plausible set of facts by considering any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Lane v. Halliburton, 529 F.3d 548, 557 (5th Cir. 2008) (internal quotation marks omitted) (citation omitted). However, "no presumptive truthfulness attaches to the plaintiff's allegations, and the court can decide disputed issues of material fact in order to determine whether or not it has jurisdiction to hear the case." Montez v. Dep't of Navy, 392 F.3d 147, 149 (5th Cir. 2004).

### 2.   WESTFALL ACT

"The Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly known as the Westfall Act, accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties." Osborn v. Haley, 549 U.S. 225, 229 (2007) (citing 28 U.S.C. § 2679(b)(1)). "When a federal employee is sued for

---

[9] Mot. to Substitute (Doc. 50).
[10] Certification of Course and Scope of Employment (Doc. 51).
[11] Opp'n to Mot. to Substitute (Doc. 55).
[12] Opp'n to Mot. to Dismiss (Doc. 31); Resp. to Government's Objection to Report and Recommendation (Doc. 56).

wrongful or negligent conduct, the Act empowers the Attorney General to certify that the employee 'was acting within the scope of his office or employment at the time of the incident out of which the claim arose." Id. at 229-30 (quoting 28 U.S.C. § 2679(d)(1), (2)). Once the Attorney General issues scope-of-employment certification, the United States is substituted as defendant in place of the employee and the matter is thereafter governed by the Federal Tort Claims Act ("FTCA"). Id. at 230.

Title 28 U.S.C. § 2679 provides that the scope-of-employment certification "shall conclusively establish scope of office or employment for purposes of removal." 28 U.S.C. § 2679(d)(2). The scope-of-employment is subject to judicial review. Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 420 (1995). In terms of jurisdiction, however, the Supreme Court has held that that "[b]y declaring the Attorney General's certification 'conclusive' as to the federal forum's jurisdiction, Congress has barred a district court from passing the case back to the state court where it originated based on the court's disagreement with the Attorney General's scope-of-employment determination." Osborn, 549 U.S. at 243.

The government has filed scope-of-employment certification for Cerwonka as provided for in the Westfall Act.[13] Although the scope-of-employment certification was filed after removal, it nonetheless conclusively establishes federal jurisdiction over the matter. See Johnson v. United States, 606 F. App'x 237 (5th Cir. 2015) (affirming judgment in a case where scope-of-employment certification was filed subsequent to removal and the district court retained jurisdiction). The magistrate judge's well-reasoned report and recommendation has been rendered invalid by the filing of this scope-of-employment certification.[14] Accordingly, the Court must

---

[13] Certification of Course and Scope of Employment (Doc. 51).
[14] In the future, the Court requests that the government file any scope-of-employment certifications prior to the issuance of memorandum rulings or reports and recommendations if federal jurisdiction is in question.

decline to adopt the report and recommendation. The Court finds that it has jurisdiction over this matter pursuant to § 2679, and thus Cerwonka's request for a remand must be denied.

### 3. VALIDITY OF SCOPE-OF-EMPLOYMENT CERTIFICATION

Cerwonka filed an opposition to the government's motion to substitute,[15] which the Court considers to be a challenge to the scope-of-employment certification. In West v. Rieth, the Fifth Circuit "examined the correct quantum of proof to refute a U.S. Attorney's scope-of-employment certification." 705 F. App'x 211, 213 (5th Cir. 2017), cert. denied, 138 S. Ct. 1546, 200 L. Ed. 2d 749 (2018). "[G]iven that a plaintiff must show '*in fact*, and not simply as alleged by the plaintiff, [that the employee] engaged in conduct beyond the scope of his employment' to refute scope-of-employment certification, we are persuaded by our sister circuits that 'the party seeking review of the [U.S. Attorney's] decision to grant scope-of-employment certification, bears the burden of presenting evidence and disproving [that] decision . . . by a preponderance of the evidence.'" Id. (citations omitted).

Cerwonka has failed to present evidence showing it is more likely than not that Dancy was not acting in the scope of his employment during the events forming the basis of this action. The state court petition contains no detailed factual allegations which unambiguously show that Dancy was acting outside the scope of his employment. In his opposition to the government's motion to substitute, Cerwonka states that:

> [t]here were no claim[s] presented in the lawsuit except as against Mr. Dancy alone, and the activity of him or the course and scope of these activities were facts clearly stated. We know that the Veterans Administration regulation would prohibit libel of an employee by a supervisor, and in fact also prohibit theft of information by a supervisor. It would seem that the government counsel would recognize that the government would never give an employee, including a V.A. supervisor, authority to break the law and commit what would warrant a damage claim or perhaps even criminal prosecution, but for some reason, the United States claims

---

[15] Opp'n to Motion to Substitute (Doc. 55).

> now that Mr. Dancy was in the course of his employment and that we as well as the Court should have recognized that.[16]

Such bare assertions are insufficient to disprove the government's decision to grant the scope-of-certification by a preponderance of the evidence.

The Court finds that the scope-of-employment certification was properly issued. The motion to substitute will be granted and the government will be substituted as the party defendant. See 28 U.S.C. § 2679(d). The Court must now analyze Cerwonka's claims against the government under the FTCA.[17] See Osborn, 549 U.S. at 230.

### 4. FTCA Claims

"The FTCA is a limited waiver of sovereign immunity that allows plaintiffs to bring state law tort actions against the federal government." Tsolmon v. United States, 841 F.3d 378, 382 (5th Cir. 2016) (citing 28 U.S.C. § 2674). The FTCA requires that a plaintiff exhaust the administrative remedies of the appropriate Federal agency prior to the commencement of a suit. 28 U.S.C. § 2675(a). This exhaustion of administrative remedies is a jurisdictional prerequisite for FTCA claims that cannot be waived. Coleman v. United States, 912 F.3d 824, 834 (5th Cir. 2019). "Courts consider whether the FTCA applies via a Rule 12(b)(1) motion, because whether the government has waived its sovereign immunity goes to the court's subject matter jurisdiction." Tsolmon, 841 F.3d at 382 (citation omitted).

The government argues that Cerwonka has failed to exhaust the appropriate administrative remedies. Cerwonka does not dispute this and instead emphasizes that he intended to proceed in

---

[16] Id. at 2-3.

[17] Cerwonka acknowledges that it is "clear that what was stated in the Petition was a state law claim against a private individual, not a federal claim against the United States or one against a United States employee." Opp'n to the Motion to Substitute (Doc. 55) at 3. Thus, the Court need not address the government's arguments as to possible claims under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), Chapter 75 of the Civil Service Reform Act of 1978, Title VII of the Civil Rights Act of 1964, or the Health Insurance Portability and Accountability Act.

state court against Dancy as a private person. Regardless of Cerwonka's intentions, the operation of the Westfall Act with the government's scope-of-employment certification categorically preclude him from proceeding with this suit in state court. Moreover, as discussed above, he has failed to rebut the government's scope-of-employment certification with sufficient evidence, and thus the government will be substituted in Dancy's place as the defendant. Federal law requires that he proceed in federal court against the government under the FTCA. He has failed to exhaust any administrative remedies as required by the FTCA, which means the government's limited waiver of sovereign immunity does not apply to this case. Accordingly, the Court lacks subject-matter jurisdiction over this action and must dismiss it without prejudice.

### III. CONCLUSION

For the above-stated reasons, the Court must **DECLINE TO ADOPT** the report and recommendation. Additionally,

**IT WILL BE ORDERED** that the motion to substitute be **GRANTED**.

**IT WILL FURTHER BE ORDERED** that the government be substituted as the defendant in this matter and that Dancy be **DISMISSED** as the defendant.

**IT WILL FURTHER BE ORDERED** that the motion to dismiss (Doc. 25) be **GRANTED**.

**IT WILL FURTHER BE ORDERED** that any pending motions be **DENIED AS MOOT**.

**IT WILL FURTHER BE ORDERED** that this matter be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

**SIGNED** on this _____ day of May 2019, at Alexandria, Louisiana.

_____
JUDGE DEE D. DRELL
UNITED STATES DISTRICT COURT